IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nations Roof, LLC, | ) | C/A No. 2:24-cv-00485-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| James Bayles Construction, LLC, Tejas Del Techo, LLC, and James Bayles Construction, LLC d/b/a Tejas Del Techo, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Nations Roof, LLC, by way of this Complaint against Defendants James Bayles Construction, LLC, Tejas Del Techo, LLC, and James Bayles Construction, LLC d/b/a Tejas Del Techo, LLC, states:

**THE PARTIES**

1. At all relevant times, Plaintiff, Nations Roof, LLC ("Insured") was and is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 851 E I-65 Service Road, Suite 300 Mobile, Alabama, 36606.

2. At all relevant times, Plaintiff was and is licensed to do business in the State of South Carolina.

3. Upon information and belief, James Bayles Construction, LLC is a South Carolina limited liability corporation with a principal place of business in South Carolina.

4. Upon information and belief, Tejas Del Techo, LLC is a South Carolina limited liability corporation with a principal place of business in South Carolina.

5. Upon information and belief, James Bayles Construction, LLC d/b/a Tejas Del Techo, LLC is a South Carolina limited liability corporation with a principal place of business in South Carolina.

6. James Bayles Construction, LLC, Tejas Del Techo, LLC, and James Bayles Construction, LLC d/b/a Tejas Del Techo, LLC are hereinafter collectively referred to as, "Defendants."

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) since the events and omissions giving rise to this action occurred at 10 Logan Street, Charleston, South Carolina.

## JURISDICTION

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) since the amount in controversy is in excess of $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant.

## FACTUAL ALLEGATIONS

9. At all times relevant to this action, Defendant was in the business of providing roofing services.

10. Plaintiff hired Defendant on or about October 2, 2021 to perform roofing work at 10 Logan Street, Charleston, South Carolina (hereinafter "the Premises").

11. On or about May 22, 2022, the Premises sustained significant water damage as a result of Defendant's failure to properly secure the roof.

12. Defendant's failure to properly perform the work resulted in a water loss event which allowed water infiltration into various portions of the Premises.

13. Defendant caused, permitted and/or allowed a dangerous and unreasonably unsafe condition to exist at the Premises.

14. Plaintiff did not in any way, shape or form contribute to the damages.

15. Water infiltration caused property damage of approximately ONE HUNDRED AND EIGHT THOUSAND FOUR HUNDRED DOLLARS AND ZERO CENTS ($108,400.00) within the Premises.

16. As a result of the damage to the Premises, Plaintiff was caused to incur damages in the amount of ONE HUNDRED AND EIGHT THOUSAND FOUR HUNDRED DOLLARS AND ZERO CENTS ($108,400.00) exclusive of interest and costs of this action.

17. Plaintiff requested restitution from Defendant for the damages, which Defendant refused and/or failed to provide.

18. At all times hereinafter mentioned, Defendant conducted business in the State of South Carolina.

19. At all times hereinafter mentioned, Defendant committed a tortious act within the State of South Carolina.

20. At all times hereinafter mentioned, Defendant derived substantial revenue from the conduct of business in the State of South Carolina.

21. This Court is vested with jurisdiction over Defendant because, at all relevant times, Defendant was doing business and maintaining a place of business in the State of South Carolina.

22. As a result of Defendant's conduct and/or lack thereof during the performance of its work and Defendant's failure to proper secure and seal the roof, Plaintiff suffered real and/or personal property damage in an amount in excess of ONE HUNDRED AND EIGHT THOUSAND FOUR HUNDRED DOLLARS AND ZERO CENTS ($108,400.00).

23. As a result of the water loss, Plaintiff incurred a loss in an amount ONE HUNDRED AND EIGHT THOUSAND FOUR HUNDRED DOLLARS AND ZERO CENTS ($108,400.00).

## COUNT I: NEGLIGENCE

24. Plaintiff repeats each and every allegation contained in those paragraphs of the Complaint numbered "1" through "20," as if more fully set forth herein.

25. Defendant owed a duty to Plaintiff to properly seal and secure the unfinished portions of the roof in preparation for a storm heading towards Charleston, South Carolina.

26. Defendant owed a duty to the insured to Plaintiff to maintain, operate, and/or control the Premises to minimize the potential for a leak.

27. The aforementioned duties were non-delegable.

28. Defendant, their agents, servants, and/or employees, negligently, carelessly, and/or recklessly failed to properly maintain, seal, and secure the unfinished portions of the roof in such a manner as to create an unsafe, dangerous, and hazardous condition.

29. Plaintiff's damages were in no way caused or contributed to by any act or failure to act by Plaintiff.

30. Defendant was in exclusive care, custody, and control of the instrumentalities that caused the damages to Plaintiff.

31. As a direct and proximate result of Defendant's negligent, careless, and/or reckless acts and/or omissions, which breached these duties, Plaintiff sustained extensive damage in an amount in excess of ONE HUNDRED AND EIGHT THOUSAND FOUR HUNDRED DOLLARS AND ZERO CENTS ($108,400.00) plus costs, pre-judgment interest, and such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of ONE HUNDRED AND EIGHT THOUSAND FOUR HUNDRED DOLLARS ($108,400), plus costs, pre-judgment interest, and such other relief as this Court deems just and proper.

## COUNT II: BREACH OF CONTRACT

32. Plaintiff repeats each and every allegation contained in those paragraphs of the Complaint numbered "1" through "29", as if more fully set forth herein and further states:

33. Upon information and belief, Defendant entered into a subcontract with the Plaintiff to provide roofing services at the Premises.

34. Upon information and belief, Defendant was required to perform the roofing work in a timely, workmanlike manner, and use reasonable and diligent efforts to perform the work in such a manner that would minimize any chance of disruption, disturbance, or damage from such performance.

35. Defendant owned Plaintiff a duty to perform the work properly, pursuant to the terms of the subcontract.

36. Defendant owed a duty to Plaintiff to comply with any and all laws, statutes, ordinances, rules, regulations, and all other requirements of law, as well as any and all municipal, state, and federal authorities, boards, commissions and other governmental agencies, divisions, bureaus, etc. with respect to and/or which relate to the Premises, and the roofing work thereof.

37. Upon information and belief, Defendant breached its duties to Plaintiff by failing to properly maintain, seal, and secure the unfinished portions of the roof, resulting in significant damage to Plaintiff.

38.     Upon information and belief, Defendant's acts and omissions, which caused the aforementioned damage to the Premises, were a breach of Defendant's duties and obligations under the contract.

39.     Plaintiff was a direct beneficiary of the aforesaid contract.

40.     As a direct and foreseeable result of Defendant's breach of the aforesaid contract, Plaintiff suffered property damage in the amount of ONE HUNDRED AND EIGHT THOUSAND FOUR HUNDRED DOLLARS ($108,400), exclusive of interest and costs of this action.

## COUNT III: CONTRACTUAL INDEMNIFICATION

41.     Plaintiff repeats each and every allegation contained in those paragraphs of the Complaint numbered "1" through "43", as if more fully set forth herein.

42.     Plaintiff is the direct and/or intended third-party beneficiary of the aforesaid subcontract. Defendant is required to hold Plaintiff harmless from and against any and all injury, loss, damage or liability, costs or expenses arising directly from any negligence or willful misconduct by Defendant, its officers, members, managers, directors, partners, contractors, licensees, agents, servants, employees, invitees or visitors, sublessees and assigns.

43.     Plaintiff demanded indemnification from Defendant.

44.     Defendant refused and/or failed to indemnify Plaintiff.

45.     As a direct and foreseeable result of Defendant's breach of Defendant's duties and obligations, on its own and/or through its employees, agents, servants and/or representatives, Plaintiff suffered damages in an amount ONE HUNDRED AND EIGHT THOUSAND FOUR HUNDRED DOLLARS AND ZERO CENTS ($108,400.00), plus costs, pre-judgment interest, and such other relief as this Court deems just and proper.

Barnwell Whaley Patterson & Helms, LLC

                    <u>s/K. Michael Barfield</u>
                    K. Michael Barfield (Fed. ID No. 7954)
                    P.O. Drawer H
                    Charleston, SC 29402
                    mbarfield@barnwell-whaley.com
                    (843) 577-7700
                    ***Counsel for Plaintiff***

January 30, 2024
Charleston, South Carolina